No. 29,823.

The Southwest Building and Loan Association, *Appellee*, v. D. M. Merrill et al., *Appellants*.

(296 Pac. 361.)

Opinion filed March 7, 1931.

*Walter T. Matson,* of Wichita, for the appellants.
*P. D. Gardner* and *O. W. Helsel,* both of Wichita, for the appellee.

The opinion of the court was delivered by

Smith, J.: The action was one to foreclose a mortgage. There was a judgment to that effect. The period of redemption was fixed at six months. Defendants filed a motion for an extension of that period. The motion was denied. Defendants appeal.

The facts are that a petition to foreclose a mortgage was filed by appellee and personal service had upon appellant. The petition contained an allegation that the mortgage was a purchase-money mortgage, and less than one-third of the purchase price had been paid. The prayer was that the period of redemption be fixed at six months from the date of the sheriff's sale.

Defendants answered with a general denial. They denied spe-

cifically that the mortgage was a purchase-money mortgage and that they had paid less than one-third of the purchase price of the property. When the case came on to be heard judgment was given on the pleadings for plaintiff for the amount of its claim. At that time counsel for appellants stated that all they were interested in was the period of redemption. The court stated that was a question which would come up on the hearing of the motion to confirm.

When the motion to confirm the sale came on to be heard there was evidence offered by appellee to show that the mortgage was a purchase-money mortgage and that less than one-third had been paid on the purchase price. The record does not show that the appellants or their counsel had notice of that hearing.

At this hearing the court found and ordered that the period of redemption should be six months from the date of the sheriff's sale.

Some time subsequent to the entering of that order and in another term appellants filed a motion for an extension of the period of redemption to eighteen months.

This motion contained allegations about as given here, and made a special allegation that the mortgage in question was not a purchase-money mortgage. This motion came on to be heard and no evidence was offered except the verified motion. The motion was overruled, and from that ruling the appeal is taken, and also from the original order confirming the sale.

Appellants rely on rule No. 11 of the court rules in the district court of Sedgwick county, which is as follows:

"Counsel filing a motion or demurrer or other pleadings subsequent to the petition shall on the day the same is filed deliver and mail a copy thereof to counsel of record and to all adverse parties."

They argue that since this order was not complied with in respect to the motion to confirm, this constituted an irregularity under R. S. 60-3010.

The only purpose that could have been served by a compliance with rule 11, as to the motion to confirm, would have been to permit appellants to appear and offer evidence in support of their claim that the mortgage was not a purchase-money mortgage and that more than one-third of the purchase price had been paid.

Ample opportunity to make this proof was afforded appellants at the hearing of their motion to extend the period of redemption.

Advantage was not taken of this opportunity. The only proof offered was the verified motion.

On the motion to confirm, evidence had been introduced by appellees upon which the trial court was warranted in finding that the mortgage was a purchase-money mortgage, and that less than one-third the purchase price had been paid. On the hearing of the motion to extend the period of redemption no evidence was offered to contradict this except the bare allegation in the motion. This being the case, there was nothing for the trial court to do but adhere to its ruling on the motion to confirm and to deny the motion to extend.

The judgment is affirmed.